Argued October 20, dismissed October 21, 1914.

## STATE EX REL. *v.* BARBUR, CITY AUDITOR.

(144 Pac. 126.)

**Officers—Recall—Special Election—Form of Ballot.**

1. Under Article II, Section 18, of the Constitution, providing that if an officer, for whose recall a petition has been filed, shall not resign within five days, a special election shall be ordered to determine whether the people will recall him, and other candidates may be nominated to be voted for at the election, and the candidate receiving the highest number of votes shall be deemed elected for the remainder of the term, the sample ballot for a recall election properly stated the question directly whether the officer should be recalled, followed by the names of the officer and other candidates to be voted for.

Original proceeding in Supreme Court.

This is an original proceeding by *mandamus* in which the State, on the relation of Eugene E. Smith, is petitioner, against A. L. Barbur, as auditor of the City of Portland, is defendant. The demurrer filed by the defendant was sustained and cause dismissed.

DISMISSED.

For petitioner there were oral arguments by *Mr. Charles E. S. Wood, Messrs. Davis & Farrell* and *Mr. Wilbur Henderson.*

For defendant there was an oral argument by *Mr. Walter P. La Roche.*

In Banc. MR. JUSTICE BURNETT delivered the opinion of the court.

This is an original proceeding by *mandamus* to compel the defendant, as auditor of the City of Portland, to make certain changes in a sample ballot to be used in a recall election in that city. The plaintiff filed his petition for the writ, and instead of demurring to the

writ as required by Section 616, L. O. L., the defendant has interposed his objections in that form to the petition. Owing to the exigency of the case, however, we treat this variance from the practice as negligible and will consider the matter as if the writ had been issued in the alternative and the defendant had thus attacked the writ itself.

It appears that a petition was filed for the recall of the mayor of the City of Portland under Article II, Section 18 of the Constitution, known as the "recall amendment." The defendant is said to have prepared and threatens to distribute a sample ballot on which is submitted pure and simple the question, "Shall H. R. Albee be recalled from the office of mayor?" and besides this, as candidates, the names of H. R. Albee, B. E. Kennedy and Eugene Smith, all of whom are said to be aspirants for the office of mayor at the special election in question. It is contended by the petitioners that this entails great additional expense, that it is error to submit the naked question of recall, and that the only legal way the Constitution can be subserved is found in the expression of the electors of their preference among the candidates for the possible vacancy in office.

The section of the fundamental law in question, so far as it is necessary to be considered here, reads thus (Section 18):

"Every public officer in Oregon is subject, as herein provided, to recall by the legal voters of the state or of the electoral district from which he is elected. There may be required 25 per cent, but not more, of the number of electors who voted in his district at the preceding election for justice of the Supreme Court to file their petition demanding his recall by the people. They shall set forth in said petition the reasons for said demand. If he shall offer his resignation, it shall

be accepted and take effect on the day it is offered, and the vacancy shall be filled as may be provided by law.  If he shall not resign within five days after the petition is filed, a special election shall be ordered to be held within twenty days in his said electoral district to determine whether the people will recall said officer.  On the sample ballot at said election shall be printed in not more than two hundred words, the reasons for demanding the recall of said officer as set forth in the recall petition, and in not more than two hundred words, the officer's justification of his course in office.  He shall continue to perform the duties of his office until the result of said special election shall be officially declared.  Other candidates for the office may be nominated to be voted for at said special election.  The candidate who shall receive the highest number of votes shall be deemed elected for the remainder of the term, whether it be the person against whom the recall petition was filed, or another.''

In our judgment the simple and natural construction of this section is that in such instances there are two questions to be decided by the electorate: First, the principal one of whether the people will recall said officer; and, the second, of who shall be his successor, which is subsidiary and conditional upon the determination of the first adversely to the incumbent of the office.  The essence of the section is the recall of an officer.  This accomplished—and not until then—it becomes necessary to consider who shall take his place, and this is determined by the selection of one from among whatever number of candidates may offer themselves for the place.  The fact that both these questions are to be settled at the same election does not destroy their natural sequence.  The people are entitled to vote directly upon the unadulterated question of recalling an incumbent of a public position.  This is the manifest intention of the language requiring a

special election "to determine whether the people will recall said officer." It does not necessarily follow that there will be candidates at such an election, and the right of the people to exercise this prerogative cannot be made to depend upon the mere avidity of possible candidates for the office. It is possible that in the election, so far as the candidates are concerned, the plurality of votes, although a very small minority of the total, may go to the individual who first held the office in question; for he, like any other citizen, is eligible as a candidate. Thus the paradox may happen that the recall will in effect defeat itself. Be this as it may, still, if we were to attend only to the choice among numerous candidates, no direct expression would be given to the will of the people as to whether the incumbent officer was deserving of censure and dismissal. It is also contended that the ballot in its proposed form will entail great additional expense. This, however, is one of the burdens which must be borne by those who pay the taxes in government by election.

The demurrer is sustained and the cause dismissed.

DISMISSED.