IN THE MATTER OF THE ALLEGED ERROR IN THE PREPARATION OF THE BALLOT FOR THE RECALL ELECTION IN THE CITY OF HACKENSACK TO BE HELD OCTOBER 6, 1959.

Superior Court of New Jersey
Appellate Division

Argued September 29 and October 1, 1959—Decided October 1, 1959.

258

Before Judges PRICE, GAULKIN and SULLIVAN.

*Mr. Emil M. Wulster* argued the cause for appellants.

*Mr. Ralph W. Chandless* argued the cause for the respondents.

PER CURIAM. By this appeal the incumbent councilmen of the City of Hackensack (whose terms expire in May 1961 and whose removal from office by recall has been demanded) challenge the propriety of an order of the Superior Court, Law Division, dated September 29, 1959. The order directs the city clerk of that municipality to "forthwith correct the ballots to be used on the voting machines at the recall election to be held in the City of Hackensack on October 6, 1959 by removing from such ballots the names of the present incumbent councilmen of the City of Hackensack as candidates for their own offices." Hackensack is governed by *R. S.* 40:79–1 *et seq.*

The ballot prepared by the city clerk consists of two parts or sections. The upper section contains the names of the councilmen, five in number, whose removal is sought by recall. The lower section contains the names of ten candidates (five of whom are the incumbents) for the unexpired terms of those councilmen who may be removed from office by recall.

The candidates other than the incumbents procured the aforesaid order, the propriety of which is challenged in this court.

Stated succinctly the precise question before us is whether the incumbent councilmen, whose recall has been demanded, may be candidates to succeed themselves for the balance of their unexpired terms in the event they are recalled. The form of the ballot has not been challenged except in the respect mentioned. Therefore we refrain from passing upon its propriety.

The provisions of the pertinent statute, *R. S.* 40:84-14 to 16, do not contain an express answer to the question presented. Although the determination of the issue is not free from doubt (*cf. State ex rel. Tyrrell v. Common Council of Jersey City,* 25 *N. J. L.* 536 (*Sup. Ct.* 1856); *Recall Bennett Committee v. Bennett,* 196 *Or.* 299, 249 *P. 2d* 479 (*Sup. Ct.* 1952); *Rutledge v. Dominguez,* 122 *Cal. App.* 680, 10 *P. 2d* 1027 (*D. Ct. App.* 1932); *Abbey v. Green,* 28 *Ariz.* 53, 235 *P.* 150 (*Sup. Ct.* 1925); *State ex rel Smith v. Barbur,* 73 *Or.* 10, 144 *P.* 126 (*Sup. Ct.* 1914); *N. J. S. A.* 40:69A-168 *et seq.; R. S.* 40:75-25 *et seq.*) it is our opinion that the Legislature intended that the incumbents be ineligible to succeed themselves for the balance of their unexpired terms in the event of their recall. The trial judge properly directed that their names be removed from the ballot.

Affirmed.