31 N.J. 592 (1960)
158 A.2d 505
IN THE MATTER OF THE ALLEGED ERROR IN THE PREPARATION OF THE BALLOT FOR THE RECALL ELECTION IN THE CITY OF HACKENSACK TO BE HELD OCTOBER 6, 1959.
The Supreme Court of New Jersey.
Argued January 26, 1960.
Decided March 7, 1960.
*593 Mr. William A. Wachenfeld argued the cause for the defendants-appellants, Edgar P. Deuell, Peter A. Frapaul, Harry R. Bosshard, Herman S. Ferber and R. Nicholas Voorhis (Mr. Emil M. Wulster, attorney; Messrs. Lum, Fairlie & Foster, of counsel).
Mr. Milton Rosenkranz argued the cause for the respondents, Eugene E. Demarest, Henry C. Savino, Walter E. Nowakowski, Fred A. McCullough and Arthur C. Maurello.
Messrs. Chandless, Weller & Kramer, attorneys for the City of Hackensack, Amicus Curiae.
PER CURIAM.
This action was instituted by the respondents in September 1959 to correct an alleged error in the ballot prepared by the City Clerk for a recall election in the City of Hackensack to be held on October 6, 1959, pursuant to R.S. 40:84-12 et seq. The respondents were candidates to succeed the incumbent Hackensack councilmen  *594 the appellants here. R.S. 40:84-16 provides that the same ballot used for submitting the questions of recall shall be used for the election of successors. The alleged error was the inclusion of the appellants on the ballot as candidates to succeed themselves in the event they should be recalled. In the morning of September 29, 1959 the Law Division ordered that the appellants should be removed from the ballot as candidates to succeed themselves. That afternoon, and on October 1, the Appellate Division heard argument on the appellants' appeal. On the same day, that court affirmed the order of the Law Division. 57 N.J. Super. 257.
On October 6 the election was held. The appellants were recalled from office, and the respondents, the only candidates to succeed the appellants, were elected in their stead. Two weeks later, on October 20, 1959, the appellants sought certification, and we granted it. 31 N.J. 187.
We have concluded that the judgment of the Appellate Division must be affirmed without our considering the question whether city councilmen sought to be recalled under the provisions of R.S. 40:84-12 et seq. may at the same time be candidates to succeed to their own unexpired terms, for whether they may be or not, the will of the voters of Hackensack was fully and fairly expressed in the election as it was conducted.
Between 3,410 and 3,173 votes were cast for the recall of each of the five appellants. Between 2,897 and 3,052 votes were cast against recall of each, and for his extension in office. Each of the five respondents received from 3,452 to 3,610 votes for election. A total of 16,419 votes were cast to recall the appellants, and 14,758 were cast against recall. The five respondents were the only candidates for election to succeed to the appellants' terms of office. The practical effect of the election was that of any regular election in which two well defined five-man slates vie for five offices. It is difficult for us to believe that if the appellants had been on the ballot to succeed themselves, the majority voting in the election would have voted to recall them and then *595 would have immediately returned them to office in preference to their opponents. The case would be different if there were a greater number of candidates on the ballot to succeed the incumbents. In that situation, if the incumbents were permitted to be on the ballot as candidates to succeed themselves in the event of their recall, the minority who voted against their recall, and who wished to retain them in office, might be of sufficient number to reelect them, since the majority who voted for recall might then so spread their votes for successors as to give the recalled councilmen a plurality that would return them to office.
In the absence of malconduct or fraud, we cannot overturn a concluded election for an irregularity in the ballot unless in all human likelihood the irregularity has interfered with the full and free expression of the popular will, and has thus influenced the result of the election. Wene v. Meyner, 13 N.J. 185 (1953). See also In re Clee, 119 N.J.L. 310 (Sup. Ct. 1938); Sharrock v. Borough of Keansburg, 15 N.J. Super. 11 (App. Div. 1951); In re Smock, 5 N.J. Super. 495 (Law Div. 1949). We are satisfied the result of the election was not affected by the exclusion of the appellants from the ballot as candidates to succeed themselves, whether or not their exclusion was incorrect. Therefore, the expressed will of the Hackensack electorate will not be disturbed.
It should be noted that the appellants made no effort after the election to contest it on any of the nine grounds specifically listed in the election laws, or within the time permitted for such a contest. N.J.S.A. 19:29-1 et seq. Rather, they chose to challenge here, after the election, the judgment of the Appellate Division on the sufficiency of the ballot, and expected to turn that challenge into a contest of the election in its entirety.
If the appellants had sought our review before the election  as they had sufficient time to do  we could have made our determination of the meritorious question without incurring the grave consequences of upsetting the election in *596 the event the appellants prevailed here. We could have decided in the appellants' favor  and we express no opinion whether we would have  without disregarding the expression by the city's voters of their choice of public representatives, without throwing a cloud over the whole course of municipal administration in Hackensack for some months, and without putting the public to the expense of holding a new election.
This court has made itself available on short notice to hear and decide cases involving the regularity of ballots so that such matters might be determined before rather than after elections. Botkin v. Mayor & Borough of Westwood, 28 N.J. 218 (1958), was decided in the Law Division on October 24, 1958 heard by the Appellate Division on October 27, and decided there on October 29. We heard argument and decided the case on November 3, the day before the election. Similarly, in Kilmurray v. Gilfert, 10 N.J. 435 (1952) another November election case, the Law Division ruled on October 7, the Appellate Division affirmed on October 15, and there was an appeal taken here the next day. We heard and decided the case on October 20. In entertaining this kind of case on short notice we have made no distinction between appeals as of right and those addressed to our discretion by petition for certification. See Trugman v. Reichenstein, 27 N.J. 280 (1958).
Ordinarily, one who does not take his opportunity to challenge the form of the ballot before an election will not be heard thereafter to object. Sharrock v. Borough of Keansburg, supra. See Moore v. Thompson, 161 Ohio St. 339, 119 N.E.2d 283 (Sup. Ct. 1954). And we see no reason why this should not be so whether the failure was to institute a suit or was to seek appellate review of an adverse judgment. However, since we have determined that the appellants were not prejudiced by the form of the ballot used in the election, we need not decide whether their omission to seek relief here before the election would now preclude us from construing the pertinent statute.
*597 The provisions of the statute, R.S. 40:84-14 to 16, furnish no express answer to the question whether incumbent councilmen are eligible to succeed themselves in the event of their recall, and the legislative history is not persuasive either way. In these circumstances, the Legislature might well see fit to clarify the statute so that its intent can be definitively ascertained.
The judgment of the Appellate Division is affirmed.
HALL, concurring in result.
For affirmance  Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO  6.
For reversal  None.